José Manuel Alonso Muñoz, Plaintiff and Appellant, v. Ramón Nieves Luyando, Defendant and Appellee.

No. 7517. Argued May 27, 1937.—Decided July 31, 1937.

R. *Díaz Collazo* for appellant.    *Luis E. Dubón* for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

This case involves a complaint of unlawful detainer at sufferance. The plaintiff alleged that he is the owner of a rural property of 77 acres (*cuerdas*) located in the Municipal District of Bayamón; that the defendant, claiming the existence of an oral contract of share-cropping with the former owner of the property and which he asserts was executed with the knowledge and consent of the plaintiff, occupies the property without paying any rent, and refuses to vacate the same although he has been requested to do so since February 19, 1937, in accordance with the provisions of Section 11 of Act No. 76 of May 4, 1931 (Laws, p. 466). In the complaint it is prayed that the defendant be ordered to vacate and leave the property at the free disposal of the plaintiff, that he be expelled from the property if he refuses to deliver the same; that he be taxed with costs, expenses, and attorney's fees; that experts be appointed for the appraisal of the pending crops, the defendant reserving all the rights which may correspond to him under the law establishing the procedure for unlawful detainer.

The complaint was filed on March 1, 1937, and on the same date the court ordered that the parties be summoned for a hearing which was to take place on the 8th of the same month and year.

On March 11, 1937, the defendant filed a demurrer attacking the sufficiency of the facts alleged in the complaint, and at the same time filed an answer denying all the essential facts of the complaint, pleaded seven special defenses and two separate and special defenses to which we need not refer yet.

By its order of March 15, 1937, the district court overruled the demurrer filed by the defendant and ordered the continuance of the first hearing for a subsequent date. Subsequently the plaintiff filed a demurrer against the special defenses and against the separate and special defenses contained in the answer of the defendant on the ground that the same did not state sufficient facts to constitute a defense, and by another document he also moved to strike from the record said defenses.

On March 31, 1937, the District Court of Bayamón reconsidered *motu proprio* its previous order rendered on March 15 of the same year, and contrary to what it had decided, sustained the demurrer which the defendant had filed, and granted to the plaintiff a period of ten days to file an amended complaint. Said order was based on that as the complaint was filed under the provisions of the act which regulates share-cropping contracts (Act No. 76, approved May 4, 1931), and as the plaintiff denied expressly in his complaint the existence of any share-cropping contract, the latter could not avail himself of Section 9 of said act which enumerates the reasons for which the landholder may bring an action of unlawful detainer against the cropper, nor of Section 11, which does not give him a right or cause of action of unlawful detainer either.

Adjusting himself to the terms in which said order was rendered, the plaintiff filed on April 7, 1937, an amended complaint in which, amongst other things, he alleged: "That by the judgment of this Hon. Court of March 18, 1936, which was affirmed by the Hon. Supreme Court of Puerto Rico on December 11, 1936, it was decided and established that the defendant was cultivating the property (that described in the preceding paragraph two) under conditions which *prima facie* have all the characteristics of a share-cropping contract executed orally with the former owner, and that the plaintiff had sufficient knowledge of said contract before, at the time, and after he acquired the same; "that he made demand

on the defendant for him to vacate the above described property, and that the latter refused to vacate the same; that he agreed to pay to said defendant the damages caused as the result of this action, and, furthermore, to pay him the proportional part which may correspond to him, if any, of the crops planted on said property, after the appraisal of the experts appointed for the purpose. Finally he asked that the defendant be ordered to vacate and leave at his free disposal the said property, warning him that he would be expelled if he failed to do so, and that the defendant be taxed with costs and fees.

The defendant filed a demurrer against this amended complaint, and the lower court, by judgment of April 20, 1937, dismissed the complaint and taxed the plaintiff with the costs and $300 as attorney's fees; this was based on that: (a) as Section 9 of Act No. 76, approved May 4, 1931, enumerates the reasons for which a landholder may bring an action of unlawful detainer, and that as it was not alleged in the complaint that the cropper had violated any of said reasons, the complaint should be dismissed; and (b) that Section 11 of said law, invoked by the plaintiff, did not authorize him to bring the action of unlawful detainer for the mere fact that he had made demand on the defendant to vacate the property.

The plaintiff felt aggrieved by said judgment and took an appeal to this Supreme Court charging the lower court with the commission of two errors, which we will discuss in the order in which they have been assigned:

"*First:* The District Court of Bayamón erred in deciding that the amended complaint did not state sufficient facts to constitute a cause of action.

"*Second:* The lower court also erred in taxing the plaintiff and appellant with the costs, and, furthermore, in taxing said plaintiff and appellant with attorney's fees, and, furthermore, in fixing the said attorney's fees in the sum of $300."

In a previous appeal, between the same parties, *Alonso* v. *Nieves,* 50 P.R.R. 678, this Supreme Court held:

"A cropper is not a tenant at will and Section 18 of the law regulating proceedings for unlawful detainer (Code of Civil Procedure, 1933 edition, Section 637) can not be successfully invoked in a case of this kind. The grounds upon which an action for unlawful detainer may be brought against a cropper and the procedure to be followed in such an action are prescribed by Sections 9 and 10 of the law of 1931, *supra.*"

Sections 9 and 10 of the said law of 1931, which regulate the contract of share-cropping, read thus:

"Section 9.—The landholder may bring an action of unlawful detainer against the cropper for any of the following reasons:

"1. Expiration of the term stipulated, or of that fixed in section 3 of this Act.

"2. Violation of any of the conditions stipulated in the contract; *Provided,* That in such case the cropper shall have the right to be paid his proportionate share of the crops planted, upon appraisal of experts appointed for the purpose.

"Section 10.—When a property subject to a share-cropping contract is sold, ceded or leased to another person, the cropper may demand that he be permitted to harvest the crop corresponding to the current agricultural year, and the cropper may claim as his such work, plantings or other thing to which he may be entitled."

As no term was fixed for the duration of the share-cropping contract claimed, the plaintiff after the judgment was rendered in the case of *Alonso* v. *Nieves, supra,* proceeded to make demand on the defendant for him to vacate the property, believing perhaps that this demand and the refusal of the defendant to vacate the property was sufficient to give to him the right to bring an action of unlawful detainer at sufferance against the cropper, in accordance with the interpretation which the plaintiff gave to Section 11 of said Act No. 76 of 1931, which reads:

"Section 11.—The landholder may demand of the cropper that he vacate the property before the expiration of the contract or before the time established in Section 3 of this Act; but in that case the former shall be obliged to compensate the latter for any damages

suffered, and also to pay him such proportionate part of the crops planted as may belong to the said cropper, in accordance with an appraisal by experts appointed for the purpose.''

The legal question which we must decide may be stated as follows: Does an action of unlawful detainer at sufferance lie against a cropper who occupies a property at will, by the mere fact that a term is fixed for the duration of the share-cropping contract by a demand made on the cropper by a notary to vacate and leave the property at the free disposal of its owner? Our opinion is to the contrary.

Said Section 11 recognizes the right of a landholder to terminate the share-cropping contract by making a demand on the cropper to vacate the property; but it also imposes on the landholder the obligation to pay to the cropper any damages suffered and also to pay him such proportional part of the pending crops as may belong to the said cropper.

In the instant case the plaintiff only made demand on the cropper for him to vacate the property, without fixing any period during which he should abandon the property, without paying or at least offering to pay or to guaranty in some manner, the payment of the sums which may correspond as damages and as the value of the crops. The compliance or the offer to comply, on the party of the landholder, with the obligations imposed on him by Section 11 of said law is, in our judgment, a condition precedent to his right to bring an action of unlawful detainer against the cropper.

As a better guide for the profession in the application of the law, we decide that in accordance with Section 11 of Act No. 76 of 1931, when the term for the duration of share-cropping contracts is not fixed, and the landholder wishes to terminate it and to obtain possession of the property, said landholder has a right to bring an action of unlawful detainer against the cropper provided that his complaint shows that the following requisites have been complied with:

1. That demand was made on the cropper to vacate the property within the period fixed by the landholder.

2. That the landholder paid or offered to pay to the cropper at the time that demand to vacate the property was made, the damages which may be caused, plus the amount of his participation in the crops pending.
3. That the cropper was required to agree to the appointment of experts for the appraisal of the crops.
4. That although the preceding requirements were complied with, the cropper has refused to vacate the property.

The complaint in the instant case did not allege compliance with any of said requisites. The lower court did not err in sustainig the demurrer based on the insufficiency of the facts alleged in the complaint to constitute a cause of action.

■ The second assignment referred to the award of costs, plus $300 as attorney's fees against the appellant. We do not believe that it has been shown that the lower court committed an abuse of discretion in fixing the attorney's fees. In view of the importance of the case and the work performed by the attorney of the defendant, the sum fixed does not appear to be excessive.

The judgment appealed from must be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.